Supreme Court, New York Special Term, November, 1897. Unreported.

In the Matter of the Petition of GEORGE HILLIARD as Special Deputy Comr. of Excise, to Enjoin ANNIE GIESE from Trafficking in Liquors.

LAWRENCE, J. It was long ago held by the Court of Appeals that licenses to sell liquors are not contracts between the State and the licensee, giving the latter vested rights, protected on general principles, or by the Constitution of the United States, but that such licenses are mere temporary permits to do what otherwise would be unlawful, and are not property in any legal or constitutional sense (*Metropolitan Board of Excise* v. *Barrie*, 34 N. Y., page 67.) It, therefore, follows that, notwithstanding the payment of the license fee by the defendants in these cases and the reception of licenses thereunder before April 20, 1897, it was within the power of the legislature to pass the act, chapter 312 of the Laws of 1897, amending chapter 112 of the Laws of 1896, authorizing a special enumeration of the inhabitants of territory annexed to a city for the purpose of determining the amount of the excise tax to be paid by one engaged in the business of selling liquors. The affidavits before me bring these cases within the provisions of the statute. They show that the special enumeration of inhabitants contemplated by the statute has been made and thereunder the annual license fee which the defendants are called upon to pay has been increased to the sum of $350. By section 29 of the act of 1896, as amended by chapter 312 of the Laws of 1897, an injunction may be granted by this court against any corporation, association, copartnership or person who shall unlawfully traffic in liquors without obtaining a liquor tax certificate, as provided by this act, or shall traffic in liquors contrary to any provision of this act. Until the defendants have paid the license fee prescribed by law they are trafficking in liquors contrary to the provisions of this act. On the argument

something was said about the hardship of these cases. With that consideration I have, of course, nothing to do. The statute is one which the legislature, as has been frequently determined, was competent to pass, and the court must obey its directions. Whether, under section 25 of the Act of 1896, as amended in 1897, if the defendants do not desire to continue business they would not be entitled to surrender their licenses, and receive back the whole or a portion of the money paid by them before the passage of the latter act, for their certificates, is a question which does not necessarily arise on these motions.

Motions granted, but without costs.